UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENAY PAINE,<br><br>        Plaintiff,<br><br>  v.<br><br>SUNFLOWER FARMERS MARKETS, LLC; SPROUTS FARMERS MARKET; DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:19-cv-00771-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS FEES AND COSTS** |

On August 20, 2018, Renay Payne filed a negligence suit against Sunflowers Farmers Market, LLC and Sprouts Farmers Markets in Sacramento County Superior Court. Compl., ECF No. 1-1. In May of the following year, Defendants removed the case to federal court. Notice of Removal, ECF No. 1 (citing 28 U.S.C. §§ 1332, 1441). Arguing Defendants' removal was untimely, Plaintiff filed a motion to remand the case to state court. Mot. to Remand ("Mot.") at 5-6, ECF No. 5. She also requests the Court award her the costs and attorney fees incurred because of Defendants' removal. Id. at 6 (citing 28 U.S.C. § 1447). Defendants opposed Plaintiff's motion. Opp'n, ECF No. 6. Defendants maintain

1

removal was timely because they removed the case within 30 days of learning it was removable, as required by 28 U.S.C. § 1446(b)(2)(3). Opp'n at 3-6. Plaintiff did not file a reply. For the reasons set forth below, the Court DENIES Plaintiff's motion to remand and request for attorney fees and costs.

## I. BACKGROUND

On August 21, 2016, Plaintiff slipped and fell in the produce aisle at Sunflower Farmers Market. Compl. ¶ 8. She sustained "personal / bodily injuries, resulting in economic and non-economic damages" as a result of the fall. Compl. ¶ 10. Plaintiff attributes her fall to the "dangerous, defective and hazardous condition" of the grocery aisle—specifically, the placement of the grocery bins. Compl. ¶¶ 9, 11.

Prior to filing her complaint in August 2018, Plaintiff sent an offer of settlement to Defendants. Mot. at 5. Plaintiff requested $250,000. See Exh. D to Mot. On October 10, 2018, she sent another letter to Defendants. Mot. at 5. The October 10 letter renewed Plaintiff's earlier settlement offer. Id. Plaintiffs attempted to send another letter on November 10—again, renewing their $250,000 offer for settlement. Mot. at 6. Defendants contend they never received the November 10 letter. Opp'n at 4-5. The address block on the November 10 letter misspelled defense counsel's first name, abbreviated "Koeller, Nebeker, Carlson & Haluck, LLP" as "KNCH, LLP," and listed the ZIP code for Cool, CA rather than the one for Irvine, CA. See Exh. D to Mot., ECF No. 5-2.

Over the course of discovery, Plaintiff produced her

Statement of Damages. Richard Somes Decl. ¶ 13, ECF No. 6-1; see also Exh. I to Opp'n, ECF No. 6-10. It claimed $1,000,000 in damages. Id. Within thirty days of receiving Plaintiff's Statement, Defendants removed the case to federal court.

## II. OPINION

### A. Judicial Notice

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute," because it (1) "is generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b). A court may take judicial notice of matters of public record, such as court records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Defendants request the Court take judicial notice of the following facts:

1. Plaintiff's Proof of Service of Summons and Complaint against Defendant Sunflowers Market, LLC;
2. Plaintiff's Proof of Service of Summons and Complaint against Henry's Holdings, LLC (erroneously sued as Sprouts Farmers Market, LLC);
3. Plaintiff's Complaint filed August 20, 2018 in State Court;
4. Plaintiff's First Amended complaint filed January 10, 2019; and
5. United States Postal Service ZIP-code information

webpage (reflecting that 95614 is the ZIP code
                associated with Cool, California in El Dorado County).
RJN, ECF No. 7.  Plaintiff does not oppose Defendants' request for judicial notice.  Moreover, the Court finds these facts are proper subjects of judicial notice.  Accordingly, the Court GRANTS Defendants' request.

    B.    Analysis
        1.    Motion to Remand

Generally, when the United States district courts have original jurisdiction over a civil action filed in state court, a defendant may remove the suit to the federal court in "the district and division embracing the place where [the suit] is pending." 28 U.S.C. § 1441(a).  Removal of a state action "may be based on either diversity jurisdiction or federal question jurisdiction." Godoy v. Family Dollar, Inc., No. 1:16-cv-00969-DAD-JLT, 2016 WL 4925826, at *1 (E.D. Cal. Sept 16, 2016) (citing City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 163 (1997)).  Defendants bear the burden of proving, by a preponderance of the evidence, the basis of the federal court's jurisdiction. Cohn v. Petsmart, Inc., 281 F.3d 837, 839 (9th Cir. 2002).

Here, Plaintiff argues the Court should remand this suit to Sacramento County Superior Court because Defendants' removal was untimely.[1]  Mot. at 5-6.  Section 1446(b) creates two thirty-day

---

[1] Plaintiff's Introduction and Statement of Issues also suggests that Defendant's "substantial offensive or defensive action" in state court prior to removal warrants remanding the case. See Mot. at 1, 3.  The body of the motion, however, does not advance

4

windows for removing a case from state court.  Godoy, 2016 WL
4925826, at *2.  When the presence of federal jurisdiction is
clear on the face of the complaint, defendants must file a
notice of removal within thirty days of receiving the initial
pleading.  28 U.S.C. § 1446(b)(1).  When the complaint does not
set forth grounds for federal jurisdiction, defendants must file
their notice of removal within thirty days of receiving "a copy
of an amended pleading, motion, order or other paper from which
it may first be ascertained that the case . . . is or has become
removable."  28 U.S.C. § 1446(b)(3).  Documents received prior
to service of the complaint do not qualify as "other paper[s]"
under Section 1446(b)(3).  Carvahlo v. Equifax Information, 629
F.3d 876, 886 (9th Cir. 2010) ("[A] pre-complaint document
containing a jurisdictional clue [cannot] operate in tandem with
an indeterminate initial pleading to trigger some kind of hybrid
of the first and second removal periods.")

    Plaintiff does not dispute that Section 1446(b) creates two
distinct removal periods.  Nor does she contend her complaint
put Defendants on notice of the amount in controversy.  Rather,
she argues the October 10 and November 10 letters to Defendants
made clear she was seeking more than $75,000, and thus,
triggered Section 1446's second removal window.  Mot. at 5-6.
Carvalho, 629 F.3d at 885-86, however, precludes the Court from
starting the removal clock on October 10.  There, the Ninth
Circuit held that a document "received prior to the receipt of
the initial pleading [could not] trigger the second thirty-day

---

any arguments or case law in support of this theory.

5

removal period" under Section 1446(b).  Id. at 886 (emphasis added).  Although Plaintiff filed her complaint in state court on August 20, 2018, Defendants did not receive service of the complaint until October 16, 2018.  Exh. I to Opp'n.  The Court, therefore, cannot consider the October 10 letter in determining when Defendants learned the case was removable.

Nor can the Court consider the November 10 letter.  The text of Section 1446(b)(3) states the second thirty-day window does not start until defendants' "receipt . . . of a copy of an amended pleading, motion, order or other paper rom which it may first be ascertained that the case is . . . or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added).  In defense counsel's sworn declaration, he maintains he never received Plaintiff's November 10 letter.  Somes Decl. ¶¶ 5-6.  And the errors and abbreviations in the letter lend credibility to the notion that the document never reached its intended destination.  Plaintiff did not produce any evidence to rebut Defendants' claim of non-receipt.

Setting aside the October 10 and November 10 letters, Plaintiff's Statement of Damages was the first post-complaint document notifying Defendants that the amount in controversy exceeded Section 1332's jurisdictional minimum.  See 28 U.S.C. § 1332.  Defendants filed their notice of removal within thirty days of receiving this document.  The Court, therefore, finds Defendants' removal was timely.  Plaintiff's motion to remand is DENIED.

///

///

## 2. Request for Costs and Attorney Fees

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff requests costs and attorney fees pursuant to this provision. Because the Court has denied Plaintiff's request to remand this case, Plaintiff's request for fees and costs is also DENIED.

## III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand and request for costs and attorney fees.

IT IS SO ORDERED.

Dated: September 3, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE